# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.   Case No. RDB-12-0194

JENNIFER DUBOIS DICKERSON

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3143)

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the government may properly seek detention.

☒ (2) The defendant is charged under: a violation of supervised release.

☒ (3) The maximum term of imprisonment, if convicted, is: for the violation of supervised a term of imprisonment pursuant to 18 U.S.C. §3583(e)(3).

☐ (4) Based on the government's proffer and evidence there is probable cause to believe that the defendant committed the offense(s) charged.

   ☒ The government is entitled to a presumption under § 3143 on the violation of supervised release.

   ☒ The defendant has failed to rebut this presumption as to flight and danger to the community.

☒ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the defendant's presence at trial or safety to the community or as otherwise required.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

The defendant has a violation of supervised release hearing set for Monday, May 20, 2013 before Judge Bennett. The defendant has tested dirty for controlled substances and has failed to follow instructions to participate in substance abuse programs. She currently resides in Delaware. She has potential back-up time in Howard County, Maryland of as much as 3 years. She has been under courtesy supervision by the United States Probation Office for the District of Delaware. That Office recommends detention. Both §3143 and Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provide that the defendant has the burden to establish by clear and convincing evidence that the person will not flee and is not a danger to the community. The defendant has not met that burden even with offering 24/7 home detention with electronic monitoring in her mother's home in Delaware. The Court has balanced the risk of flight danger to the community and finds what the defendant proposes as conditions of release are not remotely sufficient for the Court to conclude that the defendant will not present as a flight risk or a danger to the community if conditions or a combination of conditions of release were to be established by the Court. The defendant, Jennifer Dubois Dickerson, is remanded to the custody of the Marshals Service.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

May 15, 2013
Date

Timothy J. Sullivan
United States Magistrate Judge